**No. 2023-15903**
Decision filed August 18, 2026
Before: Johnnie B. Rawlinson, Eric D. Miller, & Roopali H. Desai, Circuit Judges

**UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

---

THERMOLIFE INTERNATIONAL, LLC, and
MUSCLE BEACH NUTRITION, LLC,
*Plaintiffs-Appellants,*

v.

BPI SPORTS, LLC,
*Defendant-Appellee.*

---

On Appeal from the United States District Court for the District of Arizona, No. 2:20-cv-02091-SPL, Hon. Steven P. Logan

---

# APPELLANTS' RESPONSE TO APPELLEE'S MOTION FOR APPELLATE ATTORNEYS' FEES AND EXPENSES AND ALTERNATIVE REQUEST FOR TRANSFER TO DISTRICT COURT

---

Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Ave., NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
mdowd@dowdscheffel.com
*Counsel for Appellants*

## DISCLOSURE STATEMENT

No parent corporation or publicly held corporation owns 10% or more of the stock of ThermoLife International, LLC.

No parent corporation (other than ThermoLife) or publicly held corporation owns 10% or more of the stock of Muscle Beach Nutrition, LLC. ThermoLife owns a controlling share of Muscle Beach Nutrition, LLC.

Date: September 24, 2026

By: */s/ Matthew J. Dowd_*
Matthew J. Dowd

*Counsel for Appellants*
*ThermoLife International, LLC and*
*Muscle Beach Nutrition, LLC*

# TABLE OF CONTENTS

**Page**

DISCLOSURE STATEMENT ..... i

TABLE OF AUTHORITIES ..... iv

INTRODUCTION ..... 1

BACKGROUND ..... 2

I. Posture of the Case ..... 2

ARGUMENT ..... 4

I. BPI's Sole Basis For Requesting Fees Is Legally Deficient ..... 4

A. BPI's Only Ground ..... 4

B. Ninth Circuit Law Does Not Make Appellate Fees Mandatory ..... 5

C. If the Court Were to Grant Fees Based on BPI's View of the Law, Another Circuit Split Would Result ..... 10

D. BPI's Position Creates Perverse Incentives that Conflict with the Purpose of Lanham Act's Fee-Shifting Provision ..... 13

E. BPI's Reliance on Law of the Case is Misplaced ..... 15

II. Even If BPI Had Asserted That The Appeal Was Exceptional, Its Position Should Have Been Rejected ..... 16

A. BPI Forfeited Any Argument About Appellate Exceptionality ..... 16

B. Unsettled Precedent Generally Precludes an Exceptionality Finding ..... 17

C. The Rule 41(d) Issue is a Matter of First Impression ..... 19

D. No Indicia of an Exceptional Case on Appeal....................... 20

III. At a Minimum, The Fee Request Should Be Reduced For Several Reasons ........................................................................ 22

A. Fees for the Rule 41(d) Issue are Not Reasonable ............... 23

B. The Requested Fees for Work On The Motion are Excessive ........................................................................ 24

IV. Transfer Should Be Denied ........................................................ 26

V. Conclusion ................................................................................ 26

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance for Good Government v. Coalition for Better Government*,
998 F.3d 661 (5th Cir. 2021) ... 13

*Applied Information Sciences Corp. v. eBay, Inc.*,
511 F.3d 966 (9th Cir. 2007) ... 17, 18

*Askins v. U.S. Department of Homeland Security*,
899 F.3d 1035 (9th Cir. 2018) ... 16

*Brittingham v. Jenkins*,
No. 91-1245, 1992 WL 172092 (4th Cir. July 23, 1992) ... 11

*Brooktree Corp. v. Advanced Micro Devices, Inc.*,
977 F.2d 1555 (Fed. Cir. 1992) ... 18

*Burlington Northern & Santa Fe Railway Co. v. Vaughn*,
509 F.3d 1085 (9th Cir. 2007) ... 17

*Christiansburg Garment Co. v. EEOC*,
434 U.S. 412 (1978) ... 18

*Clark v. Sweeney*,
146 S. Ct. 410 (2025) (per curiam) ... 21

*Classic Media, Inc. v. Mewborn*,
532 F.3d 978 (9th Cir. 2008) ... 17

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) ... 7

*D.L. Auld Co. v. Chroma Graphics Corp.*,
753 F.2d 1029 (Fed. Cir. 1985) ... 12

*Flores v. Carnival Cruise Lines*,
47 F.3d 1120 (11th Cir. 1995) ... 18

*Greenlaw v. United States*,
554 U.S. 237 (2008) .......... 21

*Haas Automation, Inc. v. Denny*,
521 F. App'x 626 (9th Cir. 2013) .......... 6

*Jason Scott Collection, Inc. v. Trendily Furniture, LLC*,
68 F.4th 1203 (9th Cir. 2023) .......... 4, 7, 8

*JFXD TRX ACQ LLC v. trx.com*,
Nos. 24-1661, 24-3391, 2025 WL 1009557 (9th Cir. Apr. 4, 2025) .......... 9

*Kaffaga v. Estate of Steinbeck*,
938 F.3d 1006 (9th Cir. 2019) .......... 16

*Lahoti v. Vericheck, Inc.*,
636 F.3d 501 (9th Cir. 2011) .......... 6, 21

*Lindy Pen Co. v. Bic Pen Corp.*,
982 F.2d 1400 (9th Cir. 1993) .......... 14

*Lockary v. Kayfetz*,
974 F.2d 1166 (9th Cir. 1992) .......... 7

*Lu v. United States*,
921 F.3d 850 (9th Cir. 2019) .......... 7

*Martin v. City of Oceanside*,
360 F.3d 1078 (9th Cir. 2004) .......... 16

*Munchkin, Inc. v. Luv n' Care, Ltd.*,
960 F.3d 1373 (Fed. Cir. 2020) .......... 15

*Musacchio v. United States*,
577 U.S. 237 (2016) .......... 15

*Newton v. Thomason*, 22 F.3d 1455 (9th Cir. 1994) .......... 9

*Panavision International, L.P. v. Toeppen*,
945 F. Supp. 1296 (C.D. Cal. 1996) .......... 18

*Peace Ranch, LLC v. Bonta*,
93 F.4th 482 (9th Cir. 2024) .................................................................. 3

*Pepper v. United States*,
562 U.S. 476 (2011) ............................................................................ 15

*PPG Industries, Inc. v. Celanese Polymer Specialties Co.*,
840 F.2d 1565 (Fed. Cir. 1988) ............................................................. 13

*Rasheed v. Mount San Antonio College*,
No. 23-55129, 2023 WL 8594396 (9th Cir. Dec. 12, 2023) ................. 16

*Rohm & Haas Co. v. Crystal Chemical Co.*,
736 F.2d 688 (Fed. Cir. 1984) ......................................................... 12, 19

*San Diego Comic Convention v. Dan Farr*,
807 F. App'x 674 (9th Cir. 2020) ......................................................... 14

*St. Charles Manufacturing Co. v. Mercer*,
737 F.2d 891 (11th Cir.1983) ................................................................ 14

*Stephen W. Boney, Inc. v. Boney Services, Inc.*,
127 F.3d 821 (9th Cir. 1997) ................................................................ 14

*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
839 F.3d 1179 (9th Cir. 2016) ..................................................... 5, 14, 22

*Tamko Roofing Products, Inc. v. Ideal Roofing Co.*,
294 F.3d 227 (1st Cir. 2002) ....................................... 10, 11, 13, 21, 22

*Therasense, Inc. v. Becton, Dickinson and Co.*,
745 F.3d 513 (Fed. Cir. 2014) ............................................................. 12

*Tobinick v. Novella*,
884 F.3d 1110 (11th Cir. 2018) ............................................................ 18

*TrafficSchool.com, Inc. v. Edriver Inc.*,
653 F.3d 820 (9th Cir. 2011) ................................................................ 13

*U-Haul International, Inc. v. Jartran, Inc.*,
793 F.2d 1034 (9th Cir. 1986) ........................................... 5-8, 10, 11, 13

*United States v. Sineneng-Smith*,
590 U.S. 371 (2020) .......... 21

*Urban Outfitters, Inc. v. BCBG Max Azria Group, Inc.*,
430 F. App'x 131 (3d Cir. 2011) .......... 11

*Voice v. Stormans Inc.*,
757 F.3d 1015 (9th Cir. 2014) .......... 7, 8

*Welch v. Metropolitan Life Insurance Co.*,
480 F. 3d 942 (9th Cir. 2007) .......... 24

**Statutes**

15 U.S.C. § 1117(a) .......... 1, 2, 4, 5, 8, 22

28 U.S.C § 1912 .......... 7

35 U.S.C. § 285 .......... 12, 14

**Rules**

Federal Rule of Appellate Procedure 27(a)(2)(A) .......... 16

Federal Rule of Appellate Procedure 38 .......... 7

Federal Rule of Civil Procedure 11 .......... 7

Federal Rule of Civil Procedure 41(d) .......... 1-3, 19, 21-24

Federal Rule of Civil Procedure 45(d)(2)(B)(ii) .......... 8

**Other Authorities**

S. Rep. No. 93-1400 (1974) .......... 13, 14

Joseph Myles & Lionel Lavenue, *Unpacking The Circuit Split Over A Federal Atty Fee Rule*, Law360 (June 27, 2024) .......... 19, 20

## INTRODUCTION

Appellants (collectively "ThermoLife") presented a strong, reasonable appeal of significant Lanham Act issues. One important question was whether Rule 41(d)'s use of "costs" includes attorney's fees. As both the majority and the dissent recognized, this was "a matter of first impression in this circuit." That would be enough to deny BPI's motion for fees, but there is a more straightforward basis.

BPI's motion rests on a single contention—that it need not demonstrate whether the appeal was in any way "exceptional." BPI asserts that, because the Court affirmed the exceptional-case ruling for the district court proceeding, that is enough to meet the Lanham Act's exceptional-case standard for purposes of the appeal. BPI's approach is not supported by this Court's precedent, it conflicts with approaches taken by other circuits, and it would undermine the purpose of § 1117(a) when understood within the context of the default American Rule. BPI's narrow, limited request should therefore be denied on this basis.

Even if BPI had given the Court a reason to assess the reasonableness of the appeal, the assessment would conclude that the appeal was not exceptional and does not warrant an award of fees. The appeal

presented strong arguments about the unsettled nature of Article III standing in the context of the Lanham Act, and it exposed a computational error leading to the reduction of the fee award. Additionally, and perhaps most significantly, the appeal presented an issue of first impression concerning Rule 41(d). Reasonable appellate arguments cannot and should not be the basis of an award of attorney's fees. Appellants had substantial grounds for review, and they presented eminently reasonable arguments. BPI does not argue otherwise.

Regarding the amount requested, two specific points make BPI's requested amount unreasonable. BPI requests $46,401.50 in fees for work on the present motion. That amount equates to a shocking 33% of the dollar amount spent on the appeal itself (or 25% of the amount requested). Additionally, and at a minimum, BPI should not be awarded fees for work associated with the first-impression Rule 41(d) issue.

## BACKGROUND

### I. Posture of the Case

The Court affirmed the district court's exceptional-case determination. D.E. 50 at 9-11. The district court had awarded BPI fees for the 2020 litigation under 15 U.S.C. § 1117(a) and for the voluntarily

dismissed 2018 litigation under Federal Rule of Civil Procedure 41(d). *Id.* This Court affirmed those rulings and remanded to correct the district court's computational error in the amount award. *Id.*

Judge Miller dissented from the majority's Rule 41(d) holding. *Id.* at 22-27. Both the majority and dissent recognized that the Rule 41(d) question was "a matter of first impression in this circuit." *Id.* at 20, 22-27.

BPI now seeks fees for this second appeal but does not argue that anything about the appeal was "exceptional." It simply asserts that "[t]his appeal is exceptional because it is part of litigation already deemed an 'exceptional case.'" D.E. 53-13 at 8. BPI thus relies solely on the prior finding rather than identifying any conduct or arguments that made this appeal itself stand out from ordinary appellate litigation.[1]

[1] The case was dismissed at the pleading stage, and therefore the allegations in the operative complaint are deemed true. *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 488 (9th Cir. 2024). Moreover, BPI's motion makes baseless and frivolous assertions about purported "nuisance settlements." *See* Declaration of Ronald Kramer (Sept. 24, 2026), attached as Exhibit 1. BPI and its counsel have no basis to make its assertion.

## ARGUMENT

### I. BPI's Sole Basis For Requesting Fees Is Legally Deficient

Nothing in the text, legislative history, or purpose of the Lanham Act mandates that an appeal automatically qualifies as "exceptional" under the statute's fee-shifting provision simply because this Court affirms the district court's exceptional-case finding. BPI's extreme rule would mark an extraordinary departure from the background American Rule on fee shifting, this Court's precedent, and the purpose of the § 1117(a).

#### A. BPI's Only Ground

BPI's argument rests entirely on its position that "[t]his appeal is exceptional because it is part of litigation already deemed an 'exceptional case' under § 1117(a)." D.E. 53-13 at 8. According to BPI, "to recover its fees incurred in this appeal, BPI need not show that this appeal is itself independently 'exceptional.'" *Id.* at 8-9. Its position here rests on a qualified observation that "[g]enerally, a party that is entitled to an award of attorney[s]' fees in the district court is also entitled to an award of attorneys' fees on appeal." *Id.* at 9 (quoting *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1224 (9th Cir. 2023)). Accordingly, BPI's motion advances that single basis for its contention that it is "entitled" to an award of appellate fees.

### B. Ninth Circuit Law Does Not Make Appellate Fees Mandatory

Section 1117(a) provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Exceptionality is a statutory requirement for awarding fees. In the Ninth Circuit, a court assesses exceptionality by considering the "totality of the circumstances," including the "substantive strength of a party's litigating position," the "unreasonable manner in which the case was litigated," and any "need in particular circumstances to advance considerations of compensation and deterrence." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1180-81 (9th Cir. 2016).

*U-Haul International, Inc. v. Jartran, Inc.*, 793 F.2d 1034 (9th Cir. 1986), squarely rejects BPI's proposed rule of automatic carryover of exceptionality. There, this Court declined to award fees for the appeal, even after affirming a fee award under the Lanham Act arising from misconduct in the district court. *Id.* at 1044. The Court held that there was "nothing 'exceptional'" about the appeal when "[i]t was entirely reasonable for [appellant] to challenge the district court's decision." *Id.* In denying appellate fees, this Court emphasized that the appeal raised "difficult issues" and "important legal questions." *Id.* The Court warned that

using the district-court misconduct to penalize a reasonable appeal would allow "additional punitive damages to wear the disguise of attorney's fees." *Id.* There was no automatic award of appellate fees simply because this Court affirmed the district court's ruling.[2]

The Court took the same approach in *Haas Automation, Inc. v. Denny*, 521 F. App'x 626 (9th Cir. 2013) (non-precedential). The Court affirmed a Lanham Act fee award and cited *U-Haul* when denying appellate fees because, "[a]lthough Denny's appeal was ultimately unsuccessful, it raised serious questions of law regarding the standards for awarding attorneys' fees." *Id.* at 627 (citing *U-Haul*, 793 F.2d at 1044). While non-precedential, *Haas Automation* reinforces *U-Haul*'s rationale that finding an appeal to be "exceptional" is necessary before awarding appellate fees.

Similarly, in *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 510–11 (9th Cir. 2011), the Court affirmed a Lanham Act fee award based on the appellant's bad faith and litigation misconduct in the district court yet

---

[2] BPI's motion makes no effort to address this precedent, even though cited in Appellants' briefs during the appeal. *See* D.E. 29 at 57-59; D.E. 41 at 23-24.

denied the request for appellate fees under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912. The Court recognized that the appellant's arguments were *not* "wholly without merit." *Id.*

Along similar lines in the context of monetary sanctions, the Ninth Circuit explained that a party awarded sanctions "was not entitled to reimbursement for the costs of defending an award of sanctions on appeal." *Lockary v. Kayfetz*, 974 F.2d 1166, 1177-78 (9th Cir. 1992) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990)). Similarly, in the context of Rule 11 sanctions, the Supreme Court explained that expenses incurred in defending a sanctions award on appeal "are directly caused by the district court's sanction and the appeal of that sanction, not by the plaintiff's" bad faith conduct in the district court. *Cooter & Gell*, 496 U.S. at 407; *see also Lu v. United States*, 921 F.3d 850, 864 (9th Cir. 2019) ("Thus, if the appeal itself is not frivolous, then a fee award is generally not appropriate.").

BPI's motion addressed none of these cases, even though ThermoLife's briefing cited *U-Haul*. BPI instead relies on cases referencing a "general" practice of extending a district court fee award to an appeal. *See, e.g.*, *Jason Scott*, 68 F.4th at 1224; *Voice v. Stormans Inc.*, 757 F.3d

1015, 1016 (9th Cir. 2014) ("Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal."). Even if those general statements are deemed precedential, none of them expressly holds that exceptionality of the underlying district court is always sufficient by itself to establish a right to fees for the appeal.

In *Jason Scott*, the party undertook intentional and precise copying, ignored cease-and-desist letters, and resisted an injunction, and the same willful infringement remained central on appeal. 68 F.4th at 1223-24. Under those specific circumstances, this Court granted appellate fees as "appropriate here," suggesting something more than an automatic award of appellate fees given the significantly egregious conduct.

In *Voice*, 757 F.3d at 1015, the case concerned recovery under Rule 45(d)(2)(B)(ii) for a nonparty's expenses in complying with a subpoena. It had no bearing on whether § 1117(a)'s "exceptional case" requirement applies to an appeal.

Thus, although *Jason Scott* authorized a fee award for the appellate work, the ruling must be read in view of the facts of that case and *U-Haul*. This Court's earlier decision in *U-Haul* explicitly rejected sole reliance on

the exceptional conduct below to punish a reasonable Lanham Act appeal, 793 F.2d at 1044, and remains applicable here.

In the unpublished *JFXD TRX ACQ LLC v. trx.com*, Nos. 24-1661, 24-3391, 2025 WL 1009557, at *1 (9th Cir. Apr. 4, 2025), the Court granted appellate fees in a case where the appellant was "unable to present intelligible factual or legal arguments," "ignored court orders, communicated with the court ex parte, and inexplicably shifted its position multiple times throughout the course of litigation." *Id.* Additionally, the appellant argued that Fourth Circuit law should have applied, but that argument was in direct conflict with settled Ninth Circuit precedent. *Id.* (citing *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994)). *JFXD* does not advance a *per se* rule under which appellate fees are automatically, or even generally or typically, awarded when this Court affirms a district court's exceptional-case ruling.

In short, no Ninth Circuit precedent supports BPI's proposition that, under the Lanham Act, an affirmed district-court exceptionality finding is always sufficient to entitle a prevailing party to fees for an appeal not separately deemed exceptional. Because that is BPI's only

argument supporting its entitlement-to-fees contention, BPI's motion should be denied on that basis alone.

### C. If the Court Were to Grant Fees Based on BPI's View of the Law, Another Circuit Split Would Result

If the Court were to accept BPI's sole argument as sufficient for establishing entitlement to appellate fees, that decision would create another circuit split. It would also be a ruling inconsistent with the purpose of the Lanham Act.

Several other circuits have taken the same approach espoused in *U-Haul*, namely that an appeal is not exceptional under the Lanham Act simply because the appealed exceptionality ruling is affirmed. In *Tamko Roofing Products, Inc. v. Ideal Roofing Co.,* 294 F.3d 227, 230 (1st Cir. 2002), the First Circuit "reject[ed]" the "argument that whenever a case is deemed exceptional at the trial court level, attorneys' fees should automatically be awarded for the appeal." *Tamko* instead struck a "middle ground" between this automatic exceptionality and requiring frivolousness to award fees. *Id.*

Under this middle ground, *Tamko* established a three-factor test to assess whether an appeal is exceptional under the Lanham Act. The three factors are "(1) whether the appeal was on issues different from

those that caused the trial court to find an 'exceptional case;' (2) the relative strengths or weaknesses of the appellate issues; and (3) the extent to which the appeal can be said to have prolonged, without adequate justification, a particularly bad 'exceptional case.'" *Id.* The court also considers "whether the losing party's position on appeal appears to be of a whole with the earlier 'malicious, fraudulent, deliberate, or willful' acts of infringement or is otherwise inequitable." *Id.*

The Third Circuit sees the *Tamko* factors as "instructive." *Urban Outfitters, Inc. v. BCBG Max Azria Grp., Inc.*, 430 F. App'x 131, 134-35 (3d Cir. 2011) (finding "instructive the several factors the First Circuit weighs in determining whether to grant attorneys' fees in such a case").

The Fourth Circuit's unpublished decision in *Brittingham v. Jenkins*, No. 91-1245, 1992 WL 172092, at *3 (4th Cir. July 23, 1992), affirmed a Lanham Act fee award for work done prior to an appeal but disallowed fees for that appeal. The court noted that the appeal "raised significant issues on which [the appellant] was successful," and he "should not be penalized for bringing the partially successful appeal." *Id.* The court "follow[ed] the reasoning of *U-Haul*." *Id.*

The Federal Circuit also rejects the automatic-appellate-fees rule in the context of the analogous fee-shifting provision in the Patent Act. In *Rohm & Haas Co. v. Crystal Chemical Co.*, 736 F.2d 688, 692-93 (Fed. Cir. 1984), in interpreting 35 U.S.C. § 285, the court "construe[d] the language of § 285 as applicable to cases in which the appeal itself is exceptional." The court recognized that "[i]n section 285 we have an exception to the American rule, and it was enacted to further a different policy, that of preventing injustice to a party involved in a patent suit." *Id.* The court thus construed § 285 "in furtherance of the latter policy." *Id.*

Following *Rohm & Haas*, the Federal Circuit later held that "[t]he law provides for appellate and remand fees where those stages of litigation are deemed independently exceptional." *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 517 (Fed. Cir. 2014). The Federal Circuit rejected the contention that the original exceptional-case finding "permeated" later proceedings and affirmed the denial of additional fees because the applicants "failed to establish that the appeal itself was exceptional." *Id.* at 516-18; *see also D.L. Auld Co. v. Chroma Graphics Corp.*, 753 F.2d 1029, 1033 (Fed. Cir. 1985) (awarding fees for appeal because "appellant "had no reasonable basis for believing that its constitutional argument

had any likelihood of prevailing" and calling the appeal "abusive of the judicial process"); *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1569 (Fed. Cir. 1988) (considering the "totality of proceedings" when assessing a request for appellate fees).

The Fifth Circuit has left open whether a Lanham Act appeal must itself be exceptional, while recognizing *Tamko* and *U-Haul* as authorities addressing that question. *Alliance for Good Government v. Coalition for Better Government*, 998 F.3d 661, 667 n.31 (5th Cir. 2021). Notably, the Fifth Circuit did not adopt the notion that exceptionality must be presumed on appeal when fees are affirmed at the district court level. *Id.*

### D. BPI's Position Creates Perverse Incentives that Conflict with the Purpose of Lanham Act's Fee-Shifting Provision

BPI's proposed rule would serve to discourage parties with legitimate appellate claims from seeking appellate review. Congress authorized attorney's fees under the Lanham Act "where justified by equitable considerations" and left an award for an exceptional case to the discretion of the court. S. Rep. No. 93-1400, at 2, 5 (1974); *see also TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (considering whether the result of its fees determination would be

"inequitable"). BPI's rule would bypass this equitable consideration for appellate fees, regardless of the character or strength of an appeal.

The Lanham Act's history identifies the conduct that Congress intended for it to address. The 1974 Senate Report addressed shifting fees for infringement that was "malicious, fraudulent, deliberate, and willful" and providing protection for defendants against "unfounded suits." S. Rep. No. 93-1400, at 2, 5-6; *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 826 (9th Cir. 1997) (acknowledging that the fees provision works as a "remedy against unfounded suits"); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993) ("malicious, fraudulent, deliberate or willful"); *St. Charles Mfg. Co. v. Mercer*, 737 F.2d 891, 894 (11th Cir. 1983) (same). These earlier cases confirm the provision's purpose of responding to inequity—and not for punishing reasonable appellants.

Another significant purpose is "the need in particular circumstances to advance considerations of compensation and deterrence." *SunEarth*, 839 F.3d at 1180-81; *San Diego Comic Convention v. Dan Farr*, 807 F. App'x 674, 676 (9th Cir. 2020). The analogous provision in the Patent Act, § 285, works to prevent "gross injustice," "not to punish a

party for losing." *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020).

BPI identifies no injustice or inequity arising from this appeal and no conduct requiring deterrence. Its theory would instead serve to deter legitimate appeals and would impose the threat of additional fees even when an appellant presents a strong argument. That result is itself inequitable and does not advance the purposes of the Lanham Act's fee provision.

### E. BPI's Reliance on Law of the Case is Misplaced

BPI's resort to the law-of-the-case doctrine is entirely misplaced. *See* D.E. 53-13 at 8. The question presented by BPI's motion is whether BPI is entitled to an award of fees for its work on the appeal. No court has decided that issue, and law of the case therefore does not apply.

"The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016) (quoting *Pepper v. United States*, 562 U.S. 476, 506 (2011)). "The doctrine applies most clearly where an issue

has been decided by a higher court[.]" *Askins v. U.S. Dep't of Homeland Security*, 899 F.3d 1035, 1042 (9th Cir. 2018).

Quite simply, no court has decided the exceptionality of the appeal, and thus law of the case is inapplicable. BPI cites no case applying law of the case to a remotely similar situation as presented here, either in the context of the Lanham Act or otherwise. Even the one case it cites, *Askins*, rejected the application of the doctrine. *Id.* at 1042-43.

## II. Even If BPI Had Asserted That The Appeal Was Exceptional, Its Position Should Have Been Rejected

### A. BPI Forfeited Any Argument About Appellate Exceptionality

BPI has forfeited any argument that this appeal is independently exceptional as it did not make this argument in its motion for fees. *See Rasheed v. Mt. San Antonio Coll.*, No. 23-55129, 2023 WL 8594396, at *1 n.1 (9th Cir. Dec. 12, 2023) ("[A]ppellant forfeits any issue not specifically and distinctly argued in [its] opening brief." (citing *Martin v. City of Oceanside*, 360 F.3d 1078, 1081 (9th Cir. 2004))); *see also* Fed. R. App. P. 27(a)(2)(A) ("A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."). Beyond forfeiture, BPI waived its argument by affirmatively

asserting that it "need not show that this appeal is itself independently 'exceptional.'" D.E. 53-13 at 8-9. BPI cannot change course in its reply. *Kaffaga v. Est. of Steinbeck*, 938 F.3d 1006, 1018 n.8 (9th Cir. 2019) ("[A]ppellants forfeit an 'argument by raising it for the first time in their reply brief.'" (quoting *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 n.3 (9th Cir. 2007))).

BPI's motion identifies no appellate argument or conduct that BPI argues independently made the appeal exceptional. Its sole exceptionality theory is that the affirmed finding below carries over without an appeal-specific exceptionality showing. D.E. 53-13 at 8-9. Accordingly, if that theory fails, BPI cannot supply a new factual theory of appellate exceptionality for the first time in its reply.

### B. Unsettled Precedent Generally Precludes an Exceptionality Finding

As an important baseline tenet, an unsettled question of law generally precludes an exceptional-case finding. *E.g.*, *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990-91 (9th Cir. 2008) (holding no exceptional case where the "claim involved close questions in an unsettled area of the law" and the "Lanham Act claim was not so obviously foreclosed by [the relevant caselaw]"); *Applied Information Scis. Corp. v. eBay, Inc.*, 511

F.3d 966, 973 (9th Cir. 2007) (no exceptional case when party "raised debatable issues"); *see also Tobinick v. Novella*, 884 F.3d 1110, 1119 (11th Cir. 2018) (holding that a case is not exceptional under the Lanham Act "merely because one side has zealously pursued or defended its claim, especially on an issue with no directly controlling precedent").

The unsettled nature of the law is a strong reason to deny fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 423-24 (1978) (affirming denial of attorney's fees when "the basis upon which petitioner prevailed was an issue of first impression requiring judicial resolution"); *Flores v. Carnival Cruise Lines*, 47 F.3d 1120, 1127 (11th Cir. 1995) (in the context of admiralty law, "[b]ecause this is a case of first impression," defendant "did not exhibit willful and wanton misconduct" toward plaintiff); *Brooktree Corp. v. Advanced Micro Devices, Inc.,* 977 F.2d 1555, 1583 (Fed. Cir. 1992) (affirming denial of fees under the Copyright Act when it was "a case of first impression under the Semiconductor Chip Protection Act"); *Panavision Int'l, L.P. v. Toeppen,* 945 F. Supp. 1296, 1306 (C.D. Cal. 1996) (declining to award attorney fees in view of "issues of first impression" and "the overall lack of legal precedent").

In *Rohm & Haas*, *supra*, the undecided nature of the appealed legal issue was one reason why the Federal Circuit refused to award fees for the appeal. 736 F.2d at 693. The court denied fees under the analogous Patent Act provision because the merits ruling "breaks new ground on the subject of fraud in the PTO and sets new standards in this area of the law." *Id.* It was therefore "not unfair" to not shift fees for arguments that resulted in a new legal standard. *Id.*

### C. The Rule 41(d) Issue is a Matter of First Impression

This Court acknowledged that the Rule 41(d) issue raised by ThermoLife on appeal was a "matter of first impression in this circuit." D.E. 50 at 20. The most significant issue decided by the Court's opinion was the Rule 41(d) issue. Even BPI agrees that this was a "question of first impression for this Circuit[.]" D.E. 53-13 at 22. The open legal question should preclude an assertion that ThermoLife had no legitimate basis to seek appellate review or that the appeal was otherwise "exceptional." And practitioners have likewise noted the split. Joseph Myles & Lionel

Lavenue, *Unpacking The Circuit Split Over A Federal Atty Fee Rule*, Law360 (June 27, 2024).[3]

Here, the panel devoted the majority of its opinion to this issue. Although the majority ultimately did not agree, ThermoLife's argument certainly had at least some merit.

ThermoLife should not be penalized for bringing an appeal that enabled this court to resolve an important legal question that has been percolating for years. Pressing undecided issues is a worthwhile endeavor in the common-law jurisprudential process. When parties appeal cases that involve unsettled questions, they perform a service that benefits the judicial process and litigants broadly, by presenting cases to a court for resolution, and thus adding increasing judicial certainty on important issues that affect companies, individuals, and the economy more broadly.

### D. No Indicia of an Exceptional Case on Appeal

Given BPI's narrow motion, there is no basis to independently assess the reasonableness of ThermoLife's appeal. Doing so would violate the party-presentation principle. *See Clark v. Sweeney*, 146 S. Ct. 410,

---

[3] https://www.law360.com/articles/1851539/unpacking-the-circuit-split-over-a-federal-atty-fee-rule.

412 (2025) (per curiam); *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

Even if one were to assess ThermoLife's appeal, the only reasonable conclusion would be that the appeal was not exceptional. ThermoLife pressed reasonable arguments, including about the uncertainty surrounding Article III standing under the Lanham Act. D.E. 29 at 27-28; D.E. 41 at 15-19. While ThermoLife did not prevail, none of its arguments was "wholly without merit." *Lahoti*, 636 F.3d at 510-11. Equally importantly, BPI does not argue that any arguments were "wholly without merit." *See* D.E. 53-13 at 6-11.

The appeal resolved the heretofore unresolved issue of Rule 41(d). The appeal also exposed a computational error, and the Court remanded to reduce the fee award. D.E. 50 at 20-21. ThermoLife thus secured partial relief on one issue and a reasoned dissent on another. Fairness alone requires more than just the district court's finding of exceptionality before shifting fees to ThermoLife for its reasonable appellate positions.

Even if the Court were to apply the factors used in *Tamko* and the decisions in other circuits, the same outcome should be reached. First, the Rule 41(d) question and the computational error were different issues

from the false-advertising claims and forum conduct on which the district court found exceptionality. *Tamko*, 294 F.3d at 230. Second, the appeal had appreciable strength as it prevailed on the calculation point and presented an unsettled question of law that divided the panel. *Id.* Third, BPI identifies no appellate misconduct or basis to infer that ThermoLife pursued this appeal solely to prolong the litigation. *Id.* A substantial legal question and an actual correction supply adequate justification for the appeal and its modest duration.

Further, the Lanham Act's compensation and deterrence considerations do not call for shifting fees to ThermoLife for this appellate review. *SunEarth* identifies compensation and deterrence considerations as part of the totality of the circumstances, 839 F.3d at 1181, but neither consideration is at play here. BPI has identified no legitimate need to deter a first-impression argument or an accurate challenge to a calculation error. ThermoLife filed a good-faith-based appeal that simply does not fall into the type of deficient cases that §1117(a) aims to deter.

## III. At a Minimum, The Fee Request Should Be Reduced For Several Reasons

If the Court were to conclude that some appellate fees are warranted, it should not shift fees attributable to ThermoLife's reasonable

Rule 41(d) position and its successful computational challenge. The Rule 41(d) issue was a substantial part of this appeal, and the calculation issue produced a remand. A blanket award for all appellate work would not reflect those distinctions.

### A. Fees for the Rule 41(d) Issue are Not Reasonable

BPI's billing records make it evident that the Rule 41(d) issue accounted for a substantial portion of BPI's counsel's efforts. Thirty-five entries by Miller & Martin PLLC explicitly identify work on Rule 41(d). D.E. 53-4. In fact, the second largest time entry by Miller & Martin is for $4,047.28 and is explicitly directed solely to "[d]raft[ing the] Rule 41(d) split of authority section" of BPI's brief. D.E. 53-4 at 34 (Entry No. 158). Many of the remaining time entries likely encompass work on the novel Rule 41(d) issue, which BPI describes in its motion as having "novelty and difficulty" "requir[ing] BPI's counsel to engage in highly sophisticated legal work." D.E. 53-13 at 22.

Of the remaining time entries not explicitly listing Rule 41(d), most of the largest by dollar value do not distinguish between work on the separate issues. D.E. 53-4. The entries lump multiple issues together and refer to generic tasks, such as: "Revise overall first draft of answering

brief" and "Review and analyze selected authorities cited in appellants' opening brief." D.E. 53-4 at 36, 38. These likely include Rule 41(d) work and also are classic examples of block billing and should be discounted. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 944 (9th Cir. 2007) (addressing block billing).

Another measure of the significance of the Rule 41(d) issue in this appeal is that the Ninth Circuit's majority devotes nine pages to analyzing the Rule 41(d) issue (compared to only three pages for fee liability under the Lanham Act), and the dissent's six pages focus entirely on Rule 41(d). D.E. 50 at 11-20, 22-27. BPI itself devoted around a third of the argument section of its response brief to the Rule 41(d) issue. D.E. 36 at 46-62.

### B. The Requested Fees for Work On The Motion are Excessive

Even if the Court were to award appellate fees, it should not award the full amount BPI seeks for preparing this fee motion. The amount of time spent is grossly excessive.

BPI separately claims 86.4 hours and $46,401.50 for this motion, including 51.9 hours preparing briefs, 12.3 hours obtaining and reviewing records, 11.9 hours on legal research, and 8.7 hours on "Interviews

and Conferences." D.E. 53-13 at 19. Thus, this ancillary request equals one-third of the amount BPI spent on the appeal itself.

Further, numerous time entries are excessive. For example, BPI's billing records show excessive senior-attorney time and repeated review of the same filing package. Robert Parsley billed 10.5 hours ($5,985) to review, code, summarize, and prepare or revise fee records and exhibits—including a single 5.9-hour ($3,363) entry for coding fee details and preparing a summary. D.E. 53-6 at 4-5, 9, 14 (entries 15, 18, 34, 58). Mr. Parsley also billed 22.1 hours ($12,597) across eight entries for successive revisions and proofreading of the motion, declarations, and exhibits, while Erik Halvorson billed another 8.3 hours ($3,610.50) revising those materials in response to Mr. Parsley's comments. *Id.* at 9-14 (entries 36, 38-39, 41, 43-44, 46, 49, 51, 53-54, 59).

Any fee award, if granted, should reflect the relief BPI actually obtains on this motion. If BPI obtains only partial relief, the Court should separately assess the time reasonably devoted to that relief rather than award the entire cost of pursuing the rejected portion or portions.

## IV. Transfer Should Be Denied

There is no need to transfer BPI's motion to the district court. The primary issue is a legal question that this Court can and should decide. The relevant information is already before this Court. BPI provides no reason to transfer to the district court, and such action would only delay resolution and would likely be an excuse for BPI to request even more fees.

## V. Conclusion

The motion should be denied.

Date: September 24, 2026

Respectfully submitted,

By: */s/ Matthew J. Dowd*_
Matthew J. Dowd
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
mdowd@dowdscheffel.com

*Counsel for Appellants*
*ThermoLife International, LLC and*
*Muscle Beach Nutrition, LLC*

**Certificate of Compliance with Word Limits**

1. This Response complies with the word limit requirement of Federal Rule of Appellate Procedure 27(d)(2)(A) because this document contains 5,032 words (as counted by Microsoft Word).

2. This Response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in font size 14 of Century Schoolbook.

I further certify that this Brief was filed in electronic format through the Court's CM/ECF system on the 24th day of September 2026

By: */s/ Matthew J. Dowd*_
Matthew J. Dowd

*Counsel for Appellants*
*ThermoLife International, LLC and*
*Muscle Beach Nutrition, LLC*