No. 23-15903

In the

# United States Court of Appeals for the Ninth Circuit

THERMOLIFE INTERNATIONAL, LLC, ET AL.,

*Plaintiffs–Appellants*,

v.

BPI SPORTS, LLC,

*Defendant–Appellee.*

On appeal of right from the United States District Court for the District of Arizona, No. 2:20-cv-02091-SPL

## APPELLEE BPI SPORTS, LLC'S REPLY IN SUPPORT OF MOTION FOR APPELLATE ATTORNEYS' FEES AND EXPENSES AND ALTERNATIVE REQUEST FOR TRANSFER TO DISTRICT COURT

Kevin D. Quigley
Benjamin C. Nielsen
QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
(602) 229-5200
kevin.quigley@quarles.com
benjamin.nielsen@quarles.com

Robert F. Parsley
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 252-4633
bparsley@bradley.com

*Counsel for Defendant–Appellee BPI Sports, LLC*

October 1, 2026

## DISCLOSURE STATEMENT

Under Fed. R. App. P. 26.1, BPI Sports, LLC states that it has a parent corporation, Hi-Tech Pharmaceuticals, Inc., and that no publicly held corporation owns 10% or more of its stock.

*s/ Robert F. Parsley*
BRADLEY ARANT BOULT CUMMINGS LLP

*Counsel for Defendant–Appellee BPI Sports, LLC*

# TABLE OF CONTENTS


Disclosure Statement ........ ii

Table of Authorities ........ iv

Argument ........ 1

I. BPI is Entitled to Recover Its Appellate Attorneys' Fees under 15 U.S.C. § 1117(a). ........ 1

A. Under binding Ninth Circuit precedent, BPI need not show this appeal was independently "exceptional." ........ 1

B. Not requiring an appeal to be independently "exceptional" does not limit this Court's discretion in deciding how much to award. ........ 8

C. Even if showing that this appeal was independently "exceptional" were required, it has been established. ........ 9

II. BPI's Requested Amounts of Fees Are Reasonable. ........ 12

Conclusion ........ 13

Certificate of Compliance with Word Limits ........ 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*,
38 F.4th 68 (9th Cir. 2022) .......... 9

*Askins v. U.S. Dep't of Homeland Sec.*,
899 F.3d 1035 (9th Cir. 2018) .......... 3

*Badgley v. United States*,
957 F.3d 969 (9th Cir. 2020) .......... 13

*Camacho v. Bridgeport Fin., Inc.*,
523 F.3d 973 (9th Cir. 2008) .......... 5

*Citizens for Free Speech, LLC v. Cnty. of Alameda*,
953 F.3d 655 (9th Cir. 2020) .......... 12

*Comm'r, I.N.S. v. Jean*,
496 U.S. 154 (1990) .......... 3, 4

*Earthquake Sound Corp. v. Bumper Indus.*,
352 F.3d 1210 (9th Cir. 2003) .......... 5

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) .......... 12

*Haas Automation, Inc. v. Denny*,
521 F. App'x 626 (9th Cir. 2013) .......... 6, 7

*Hall v. City of Los Angeles*,
697 F.3d 1059 (9th Cir. 2012) .......... 9

*Jason Scott Collection, Inc. v. Trendily Furniture, LLC*,
68 F.4th 1203 (9th Cir. 2023) .......... 1, 2, 4, 7

*Kiva Kitchen & Bath, Inc. v. Cap. Distrib., Inc.*,
681 F. Supp. 2d 807 (S.D. Tex. 2010) .......... 4

*Legal Voice v. Stormans Inc.*,
757 F.3d 1015 (9th Cir. 2014) ........ 1, 4

*McGrath v. Cty. of Nevada*,
67 F.3d 248 (9th Cir. 1995) ........ 13

*In re Schwartz-Tallard*,
803 F.3d 1095 (9th Cir. 2015) ........ 3, 7

*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
839 F.3d 1179 (9th Cir. 2016) ........ 4, 8

*Tamko Roofing Prods., Inc. v. Ideal Roofing Co.*,
294 F.3d 227 (1st Cir. 2002) ........ 9, 10, 11

*ThermoLife Int'l, LLC v. BPI Sports, LLC*,
186 F.4th 1176 (9th Cir. 2026) ........ 3, 10, 11

*U-Haul Int'l, Inc. v. Jartran, Inc.*,
793 F.2d 1034 (9th Cir. 1986) ........ 5, 6, 7

*Wakefield v. ViSalus, Inc.*,
51 F.4th 1109 (9th Cir. 2022) ........ 8

**Statutes**

15 U.S.C. § 1117(a) ........ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13

28 U.S.C. § 1912 ........ 6

Lanham Act ........ 3, 11

**Court Rules**

Fed. R. App. P. 38 ........ 6, 7

Fed. R. Civ. P. 11 ........ 6

Fed. R. Civ. P. 41(d) ........ 8, 11, 12

9th Cir. R. 36-3(a) ........ 7

## ARGUMENT

### I. BPI is Entitled to Recover Its Appellate Attorneys' Fees under 15 U.S.C. § 1117(a).

#### *A. Under binding Ninth Circuit precedent, BPI need not show this appeal was independently "exceptional."*

This appeal is part of the same exceptional "case" for which this Court affirmed the district court's fee award under 15 U.S.C. § 1117(a). Under this Court's binding precedent, BPI is presumptively entitled to recover under § 1117(a) the attorneys' fees it incurred prevailing in this appeal. Appellants ThermoLife and Muscle Beach's contentions to the contrary lack merit.

This Court's binding precedent holds that, "[g]enerally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal." *Jason Scott Collection, Inc. v. Trendily Furniture, LLC*, 68 F.4th 1203, 1224 (9th Cir. 2023) (quoting *Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014)). This entitlement applies in "cases involving an award of statutory fees, *like those under § 1117(a),*" as here. *Id.* (emphasis added). And it applies when, like here, "the *very purpose of the appeal was to establish the entitlement to fees*." *Legal Voice*, 757 F.3d at 1016 (emphasis added).

In *JFXD TRX ACQ LLC v. trx.com*, for example, this Court held that "[*b*]*ecause* the district court properly granted [appellees] attorneys' fees below" under § 1117(a), "Appellees are *entitled* to attorneys' fees on appeal." No. 24-1661, 2025 WL 1009557, at *1 (9th Cir. Apr. 4, 2025) (citing *Jason Scott*, 68 F.4th at 1224) (emphasis added). And in *Committee for Idaho's High Desert, Inc. v. Yost* too, this Court held that "[*b*]*ecause* the district court found" the case exceptional under § 1117(a), the movant "is *therefore entitled* to reasonable attorney's fees on appeal." 92 F.3d 814, 825 (9th Cir. 1996) (emphasis added).

Consistent with this binding authority, having deemed this an exceptional "case" under § 1117(a), the district court awarded BPI its fees not just for prevailing in the district court but also for prevailing in the first appeal. 1-ER-41–63. The district court did not separately analyze whether the prior appeal independently met the exceptional-case criteria; it awarded fees for the prior appeal because it "needlessly dr[ew] out the *case* and caus[ed] BPI to waste time and expense" along with the district court proceedings. 1-ER-57 (emphasis added). And in affirming that fee award in this appeal, *this Court* did not separately analyze whether the prior appeal independently met the exceptional-case criteria.

*ThermoLife Int'l, LLC v. BPI Sports, LLC*, 186 F.4th 1176 (9th Cir. 2026). Fees for the prior appeal were properly awarded because it was part of the same exceptional "case."[1]

Not requiring an independent exceptional-case analysis for an appeal that successfully defends a § 1117(a) fee award makes good sense for several reasons:

First, prevailing-party fee-shifting statutes "usually [function] in the context of the *action as a whole* rather than a discrete proceeding." *In re Schwartz-Tallard*, 803 F.3d 1095, 1099 (9th Cir. 2015) (emphasis added). A fee-shifting statute "favors treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990).

This is so for the Lanham Act's fee-shifting provision. It permits courts to award attorneys' fees "in exceptional *cases*," not exceptional "proceedings." 15 U.S.C. § 1117(a) (emphasis added). A "case" under § 1117(a) is not limited to specific proceedings; it embraces the whole of the litigation. *Schwartz-Tallard*, 803 F.3d at 1099. "[T]he Lanham Act does

[1] That ruling is now part of the law of this case. *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (law-of-the-case doctrine).

not distinguish between an 'exceptional case' at trial and an 'exceptional case' for appellate purposes[.]" *Kiva Kitchen & Bath, Inc. v. Cap. Distrib., Inc.*, 681 F. Supp. 2d 807, 809 (S.D. Tex. 2010). Neither does this Court. *Jason Scott*, 68 F.4th at 1224.

Second, when, as here, "the very purpose of the appeal" is attacking the district court's § 1117(a) fee award, *Legal Voice*,757 F.3d at 1016, requiring the appeal to independently meet the exceptional-case standard would "spawn a 'Kafkaesque judicial nightmare' of infinite litigation to recover fees," *Jean*, 496 U.S. at 163. Under § 1117(a), this would entail repeated, piecemeal exceptional-case inquiries about the "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" for particular proceedings. *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (citations omitted). That would in turn undermine § 1117(a)'s deterrent purpose, *see id.*, and waste this Court's time.

Third, successfully defending appeals from statutory fee awards constitutes "time reasonably spent establishing [an appellee's] right to a fee," *Legal Voice*,757 F.3d at 1016–17, for which a separate exceptional-

case analysis isn't required. Just as "it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee," *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008), it would be inconsistent to dilute a fee award by requiring appellees to separately establish exceptionality for an appeal affirming a § 1117(a) fee award.

ThermoLife and Muscle Beach's position ignores the binding cases cited above and depends on misrepresenting this Court's opinion in *U-Haul International, Inc. v. Jartran, Inc.*, 793 F.2d 1034 (9th Cir. 1986). *U-Haul* does *not* "squarely reject" BPI's position. Resp., Doc. 57-1 at 13. In *U-Haul*, no party had argued that the underlying litigation was exceptional under § 1117(a). *U-Haul*, 793 F.2d at 1043–44. Rather, the appellees argued only, in the *first instance on appeal*, that the appeal was "exceptional" under § 1117(a) and so warranted an award of appellate fees (which was denied). *Id.*; *see Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1217 (9th Cir. 2003) (explaining *U-Haul* "addressed the question of whether to award fees *for the appeal itself*, *rather than* for the district court proceedings" (emphasis added)).

*U-Haul* thus does *not* support ThermoLife and Muscle Beach's proposition that, to get fees for an appeal that affirms a *district court's* fee award under § 1117(a), the appellee must show the appeal was independently "exceptional." BPI seeks appellate fees for prevailing in defending the *district court's* § 1117(a) fee award.

The other Ninth Circuit cases on which ThermoLife and Muscle Beach rely are inapposite because they address attorneys' fees requested under different statutory grounds. Resp., Doc. 57-1 at 14–15. The case of *Lahoti v. Vericheck, Inc*. concerns fees for a frivolous appeal under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912, which have nothing to do with this case. 636 F.3d 501, 511 (9th Cir. 2011). And *Lockary v. Kayfetz* concerns a motion for sanctions under Federal Rule of Civil Procedure 11, which is also beside the point. 974 F.2d 1166, 1177–78 (9th Cir. 1992).

Nor does *Haas Automation, Inc. v. Denny*, 521 F. App'x 626, 627 (9th Cir. 2013), support ThermoLife and Muscle Beach's position. Although the one-page, unpublished "memorandum" opinion in *Haas* is citable, "[u]npublished dispositions and orders of this Court are *not precedent*, except when relevant under the doctrine of law of the case or rules

of claim preclusion or issue preclusion," doctrines inapplicable here. 9th Cir. R. 36-3(a) (emphasis added). In the 40 years since *U-Haul* was decided, not a single precedential opinion of this Court has cited it for the proposition advanced by ThermoLife and Muscle Beach.

Further, although *Haas* cites § 1117(a) and *U-Haul*, it merely observes that awarding appellate fees raises "serious questions of law regarding the standards for awarding attorneys' fees in an [Anticybersquatting and Consumer Protection Act] case." *Haas*, 521 F. App'x at 627.[2] Neither *U-Haul* nor *Haas* comes anywhere close to establishing precedent in this Circuit that requires an independent exceptional-case assessment of an appeal affirming a district court's § 1117(a) fee award, much less by adopting *Tamko*-like factors. ThermoLife and Muscle Beach misrepresent this Circuit's precedent by failing to meaningfully engage with *Jason Scott*, *JFXD, Yost*, and *Schwartz-Tallard*.

Because ThermoLife and Muscle Beach advance a position that is not the law of the Ninth Circuit, their waiver arguments are irrelevant. BPI cannot waive an argument that this Circuit's binding precedent does

[2] It is unclear from the *Haas* opinion whether appellees even requested fees under § 1117(a) rather than under Rule 38.

*not* require just because ThermoLife and Muscle Beach contend it is the law (which it isn't). *Cf. Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1119 (9th Cir. 2022).

### *B. Not requiring an appeal to be independently "exceptional" does not limit this Court's discretion in deciding how much to award.*

Even though appellate fees are presumptively awarded under § 1117(a) when, as in this case, a district court's exceptional-case finding has been affirmed, this Court retains ample discretion under § 1117(a) to determine what *amount* of fees to award.

If the Court finds it inappropriate to award BPI its fees for work relating to Federal Rule of Civil Procedure 41(d) because that involved deciding a question of first impression, the Court could exercise its discretion under § 1117(a) to carve out fees relating to that issue. Awarding fees under § 1117(a), including on appeal, remains discretionary. *SunEarth*, 839 F.3d at 1181.

This Court could thus choose, for example, to reduce the award of appellate fees by the $20,996 billed to BPI for the 55.7 hours of work expressly relating to Rule 41(d). *See* Fee Details, Doc. 53-4 at 60–78 (entries 89–91, 97–99, 102–106, 125, 130–133, 135–137, 140, 147–148, 150–152,

154, 156, 158–162, 165, 171, 175). As for correcting the district court's computational error, BPI conceded the error, which required de minimis time. BPI's Answering Br., Doc. 36 at 77, 85.

*C. Even if showing that this appeal was independently "exceptional" were required, it has been established.*

The waiver doctrine does not foreclose BPI from substantively responding to ThermoLife and Muscle Beach's novel argument. "As the Supreme Court has made clear, it is *claims* that are deemed waived or forfeited, not *arguments*." *Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*, 38 F.4th 68, 71 (9th Cir. 2022) (citation omitted) (emphasis added). BPI's *claim* under § 1117(a) is preserved.

Regardless, it would be manifestly unfair to preclude BPI from responding to the novel argument substantively when it relates to BPI's preserved claim and when ThermoLife and Muscle Beach have already addressed the argument on its merits and so could not possibly be prejudiced. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1071 (9th Cir. 2012) (forgiving waiver); Resp., Appeal 57-1 at 25–30.

ThermoLife and Muscle Beach's proposed novel argument depends on out-of-circuit authority, primarily *Tamko Roofing Products, Inc. v. Ideal Roofing Co.*, 294 F.3d 227 (1st Cir. 2002). In assessing an appellate-

fee claim under § 1117(a), *Tamko* considers three non-exclusive factors: (1) "whether the appeal was on issues different from those that caused the trial court to find an 'exceptional case;'" (2) "the relative strengths or weaknesses of the appellate issues;" and (3) "the extent to which the appeal can be said to have prolonged, without adequate justification, a particularly bad 'exceptional case.'" *Id.* at 230. Were these or similar factors applied here—despite this Circuit having never adopted such factors before—each factor would support awarding appellate fees.

First, given the district court's extensive findings of bad-faith, forum-shopping, and the knowing pursuit of meritless claims as part of a multi-case harassment project, 1-ER-53, 57, it was unreasonable for ThermoLife and Muscle Beach to expect this Court to find an abuse of discretion. On this central point, which concerned the same issues that caused the district court to deem this case "exceptional," this Court affirmed unanimously, concluding ThermoLife and Muscle Beach had knowingly engaged in a "pattern of pursuing a meritless litigation strategy." *ThermoLife*, 186 F.4th at 1181–82, 1187; *see Tamko*, 294 F.3d at 230.

Second, ThermoLife and Muscles Beach's arguments for reversal of the district court's discretionary finding that this case is exceptional were weak. *See Tamko*, 294 F.3d at 230. In response to BPI's fee motion, ThermoLife and Muscle Beach rehash the same specious argument that the Lanham Act law at issue in the district court was supposedly "unsettled." Resp., Doc. 57-1 at 26–27. As BPI has already explained, BPI's Answering Br., Doc. 36 at 52–55, this misrepresents Lanham Act caselaw.

In affirming, this Court agreed that "ThermoLife persistently litigated claims against BPI that it knew were meritless," and ThermoLife and Muscle Beach's appeal just persisted in carrying out the same knowingly baseless strategy. *ThermoLife*, 186 F.4th at 1182. Not to deem the appeal also "exceptional" would dilute both compensation and deterrence and improperly reward ThermoLife and Muscle Beach for continuing on appeal their dogged "pattern of pursuing a meritless litigation strategy." *Id.*

Third, this appeal "prolonged, without adequate justification, a particularly bad 'exceptional case.'" *Tamko*, 294 F.3d at 230. That it included a question of first impression concerning Rule 41(d) does not negate the fact that the appeal's primary thrust—the hopeless task of showing that

the district court abused its discretion in deeming this case "exceptional"—was unreasonable. As explained above, this Court has ample discretion to determine the amount of fees to award, and it could choose to carve out fees spent specifically on Rule 41(d).

## II. BPI's Requested Amounts of Fees Are Reasonable.

BPI's fee motion exhaustively details the reasonableness of the rates and work performed. ThermoLife and Muscle Beach bear the "burden of rebuttal that requires submission of evidence ... challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (citations omitted). But their response remains unsupported by evidence or specific argument that the rates charged, time spent, or amounts billed to BPI are unreasonable.[3]

Instead, ThermoLife and Muscle Beach offer the sweeping, conclusory assertion that the $46,401 BPI's counsel spent preparing BPI's fee motion is "grossly excessive." Resp., Doc. 57-1 at 32–33. This skeletal response cannot properly substitute for detailed analysis of the issue. ThermoLife and Muscle Beach "ha[ve] not shown with adequate specificity

[3] The Ron Kramer Declaration, Appeal Doc. 57-2, is entirely irrelevant.

that the hours billed were unreasonable." *Citizens for Free Speech, LLC v. Cnty. of Alameda*, 953 F.3d 655, 659 n.4 (9th Cir. 2020); *see McGrath v. Cty. of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995) ("The [losing party] may not rely on conclusory challenges" to evidence as to claimed hours); *Badgley v. United States*, 957 F.3d 969, 979 (9th Cir. 2020).[4]

ThermoLife and Muscle Beach also inaccurately contend that several of BPI's time entries constitute impermissible block billing. Resp., Doc. 57-1 at 31–32. The two instances of supposed "block billing" discretely narrate time spent on specific tasks.

## CONCLUSION

The Court should grant BPI's motion for appellate fees and expenses under 15 U.S.C. § 1117(a), awarding up to $186,248.99 in fees plus expenses. Alternatively, the Court should grant entitlement to fees and expenses and refer the amount to an Appellate Commissioner (thereby avoiding yet another appeal in this case). Or the Court should transfer this motion to the district court (preferably after deciding entitlement).

[4] By way of comparison, in the district court BPI sought to recover $127,472 for time spent preparing its fee motion. 1-ER-37. The district court reduced that amount by 25% ($31,868), awarding $95,604.

Dated: October 1, 2026

Respectfully submitted,

s/ Robert F. Parsley
Robert F. Parsley
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 252-4633
bparsley@bradley.com

Kevin D. Quigley
Benjamin C. Nielsen
QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
(602) 229-5200
kevin.quigley@quarles.com
benjamin.nielsen@quarles.com

*Counsel for Defendant–Appellee*
*BPI Sports, LLC*

## Certificate of Compliance with Word Limits

1. This Reply Brief complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because this document contains 2,585 words (as counted by Microsoft Word).

2. This Reply Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in font size 14 of Century Schoolbook.

I further certify that this Reply Brief was filed in electronic format through the Court's CM/ECF system on the 1st day of October 2026.

*s/ Robert F. Parsley*
BRADLEY ARANT BOULT CUMMINGS LLP

*Counsel for Defendant–Appellee BPI Sports, LLC*